**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **v.** | ) |
| | ) **CRIM NO. 21-CR-477-RC** |
| **AUTUMN LUNA,** | ) **Judge: Contreras** |
| | ) |
| **Defendant.** | ) |

**MOTION FOR REVOCATION OF DETENTION ORDER
PURSUANT TO 18 U.S.C. §3145(b)**

COMES NOW Autumn Luna, by and through counsel, and respectfully
moves this Honorable Court to review the Order of Detention entered on August
11, 2021, by the United States Magistrate Court in California, and to release Ms.
Luna on conditions that are satisfactory to the Court. As reasons therefor,
defendant states as follows:

1.     Ms. Luna and her codefendant, Brian Sparks,  are charged in a four-
count indictment with three counts of Unlawful Possession with Intent to
Distribute and one count of Possession of Access Device Making Equipment. The
charge arose out of an incident occurring on June 22, 2021, at Union Station in
Washington, DC.

1

2.      On August 11, 2021, Ms. Luna was ordered detained pursuant to an Order of Detention Pending Trial. Magistrate Judge Dennis Cota of the Eastern District of California issued the Order. The government's motion for detention pursuant to 18 U.S.C. § 3142(f)(1) was granted. The reasons for the detention included the following reasons: a) weight of the evidence against the defendant is strong; b) prior criminal history; c) history of alcohol or substance abuse; d) lack of stable employment; e) lack of stable residence; and f) lack of significant community or family ties to this district. A copy of the order is attached hereto as Exhibit 1. [1]

3.      The alleged underlying facts are that on June 22, 2021, Ms. Luna and codefendant Brian Sparks were travelling on a cross country trip from Seattle, WA to Tampa, FL to see Mr. Sparks' father. During a layover stop in Union Station, Mr. Sparks and Ms. Luna got off the train and then returned to board when it was announced that the train would be departing. While walking towards the train, Officers with the Amtrak Police Department with a K-9 companion "Koda" and approached Mr. Sparks and Ms. Luna. The officers team stopped Mr. Sparks and Ms. Luna and asked to see their tickets prior to boarding. Mr. Sparks presented the

---

[1] Also included in the reasons is that "Subject to removal or deportation after serving any period of incarceration. Ms. Luna believes that this was entered in error, as Ms. Luna is a U.S. Citizen and is not subject to removal or deportation under immigration law.

officers with their tickets, saved on a mobile phone. The officers requested paper tickets and Mr. Sparks again complied. The officers then ordered Mr. Sparks and Ms. Luna to place their bags on the ground so that the K9 could conduct a search. The dog alerted the officers of potential drugs, and ultimately the search revealed the drugs and equipment that are the subject of the indictment. During  a post-arrest interview Mr. Sparks admitted that the narcotics in the duffel bag were his.

4.      As the court is aware, Mr. Brian Sparks filed, and Ms. Luna joined, a motion to suppress. That motion is still pending before the court. It is based upon arguments that the officers violated both defendants' rights while at Union Station. Nevertheless, according to the police reports, Mr. Sparks indicated that the duffel bag that contained most of the drugs that are charged were his. The only drugs that were located was a small quantity of narcotics in Ms. Luna's purse, a quantity that she admitted to at the time of the arrest on the platform in Union Station, when she indicated that she had "a pipe and a gram of coke" in her purse.

## Argument

If a federal defendant is ordered detained by a U.S. Magistrate Judge, the defendant may seek review of that release order by filing, with the Court having original jurisdiction over the offense, a motion to revoke the order or amend the conditions of release. See 18 U.S.C. § 3145(b). Our criminal justice system

embraces a strong presumption against detention. United States v. Ali Muhamed Ali, 793 F. Supp. 2d 386, 387 (D.D.C. 2011). "In our society, liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." United States v. Gloster, 969 F. Supp. 92, 96-97 (D.D.C. 1997) (quoting United States v. Salerno, 481 U.S. 739, 755 (1987)).

In cases where a detention hearing is authorized under 18 U.S.C. § 3142(f), the Court must then determine whether "any condition or combination of conditions …will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* As discussed above, the magistrate judge determined that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

At the time of Ms. Luna's detention, she was in a different situation and in a less stable situation. However, various positive developments have occurred which the defense submits should give the court sufficient confidence to believe that Ms. Luna should be released from jail with conditions of release that will reasonably assure the defendant's appearance as required.

First, the defense has been in contact with Ms. Luna's mother, Jaime White. At the time of her initial detention, the defense could not make representations that Ms. White was available to assist Ms. Luna upon her release. However, since then,

4

Ms. White has indicated that she is willing to have her daughter reside with her. Ms. White would make sure that Ms. Luna attends all her court appointment and assist with any costs incurred in order to return to court. Ms. White resides in Seattle, Washington, and Ms. Luna would live with her. Given the current orders placed upon this Honorable Court due to the pandemic, she would be able to appear via videoconferencing software, rather than having to travel for each court appearance, which would help minimize the potential issues and expenses that would arise due to Ms. Luna residing in the state of Washington.

Furthermore, due to the extended period of time in pretrial detention, Ms. Luna has essentially gone through detoxification and has not used any form of drugs for several months. She is clearly in a healthier place than previously. Furthermore, Ms. Luna, while at the Central Detention Facility, has been participating in groups that provide her an improved lifestyle. Accordingly, Ms. Luna's has committed herself to remain drug-free from this point forward. Therefore, the court should place a drug testing component upon her release to assure that she continues onto her path to sobriety.

Finally, while the magistrate made a finding that the "[w]eight of the evidence against the defendant is strong," the defense would respectfully take exception to that finding. Based upon the facts provided in the police report, it appears that Mr.

Sparks admitted to the ownership of the majority of the narcotics that were seized, as he allegedly indicated that the duffel bag was his and not Ms. Luna's. The only narcotics found that appear to be in the possession of Ms. Luna was the approximately one gram of cocaine that was in her purse, hardly an amount that would suggest possession with intent to distribute. Furthermore, there is no evidence that Ms. Luna had knowledge of, or in any way aided and abetted, the narcotics found on Mr. Sparks' duffel bag.

Thus, the defense requests that the court revoke the detention order and place Ms. Luna on personal recognizance with release conditions. Ms. Luna would suggest drug testing and GPS monitoring, a curfew, and any other conditions that the give assurance to the court that Ms. Luna will return. Ms. Luna would reside with her mother Jaime White in Seattle, Washington. Alternatively, if the court believes stricter conditions should be set, Ms. Luna would request home confinement at her mother's residence.

WHEREFORE, for the reasons above, Defendant requests her release from custody and placed on her personal recognizance with release conditions set by the court as appropriate.

Respectfully submitted,

AUTUMN LUNA
By Counsel


  /s/ John L. Machado
John L. Machado, Esq.
Bar No. 449961
Counsel for Autumn Luna
503 D Street, N.W., Suite 310
Washington, DC 20001
Telephone: (703) 989-0840
E-mail: johnlmachado@gmail.com


### Certificate of Service

I hereby certify that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system this 27th day of January 2022, which will send a notification of such filing (NEF) to the following to all counsel of record.


  /s/John L. Machado
John L. Machado, Esq.
Bar Number 449961
Attorney for Autumn Luna
Law Office of John Machado
503 D Street NW, Suite 310
Washington, D.C. 20001
Telephone (703)989-0840
Email: johnlmachado@gmail.com